**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                      **05-CR-323E**

**IAN BYSTROV,**

        **Defendant.**

───────────────────────────────────────

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John T. Elfvin, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant is charged in a two count indictment with having violated Title 21 U.S.C. §§ 952(a) and 960(a)(1) and 963 (Count 1) and Title 21 U.S.C. §§ 841(a)(1) and 846 (Count 2). (Docket #12).

The defendant has filed a motion wherein he seeks an "order compelling further discovery or, in the alternative, an order of preclusion." (Docket #17). Counsel for the defendant represents that notwithstanding her "repeated requests of the government to provide certain known evidence in this case," the government has failed to make proper disclosure of such materials as required under Rule 16 of the Fed. R.

Crim. P. since such evidence "is exculpatory for the defense" or is scientific evidence that relates to the government's expert's opinion concerning a DNA analysis that was conducted.  (Docket #17, pp. 2, 4).  The defendant further requests "that if those items are not produced by a date set by this Court, that an Order of Preclusion be entered." (Docket #17, p. 5).  Lastly, the defendant requests that he "have an opportunity to retain his own expert and test the samples that were tested by [the government's expert]," and permission to reserve his "right for a Daubert Hearing before the trial judge." (Docket #17, pp. 5, 6).

The government has filed a response to defendant's motion wherein counsel for the government asserts that "all material presently within [the government's] possession that is within the purview of Rule 16" has been provided to the defendant in accordance with the requirements of Rule 12(b)(4)(B) of the Fed. R. Crim. P. (Docket #20, ¶ 5).  "The government declines to provide those other materials requested in the motions (sic) as outside the purview of Rule 16."  (Docket #20, ¶ 5). Counsel for the government also represents the following:

> The results and reports of all physical and mental examinations and of scientific tests and experiments made in connection with the case have been made available to the defendants (sic).  If any further reports are forthcoming, they will be provided upon receipt by the Government.  The Government will comply with the defendant's request for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E.
>
> The Government has made available of (sic) all tangible objects obtained from the defendant and has made available photographs material to the preparation of a defense or

>intended to be used as evidence-in-chief at trial or obtained
>from or belonging to the defendant.  The defendant is
>apprised that he can examine such material in the custody
>of ICE and pursuant to Rule 12(b)(4)(B), such evidence shall
>be used by the Government against the defendant at trial.

(Docket #20, ¶¶ 6, 7).

The government has requested reciprocal discovery from the defendant pursuant to Rule 16(b) of the Fed. R. Crim. P.  (Docket #20, ¶ 9).

## DISCUSSION AND ANALYSIS

The defendant's motion seeking discovery and production of various materials pursuant to Rule 16(a) of the Fed. R. Crim. P. is dated February 17, 2006. (Docket #17).  Thereafter, by letter dated April 6, 2006, counsel for the government produced the various materials sought by the defendant in his motion. (Docket #20, Exhibit A attached thereto).  As a result, defendant's demand for production of those materials is moot and therefore, his motion in that regard is DENIED.

Although counsel for the government has advised that "the government will comply with the defendant's request for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E.," he does not indicate a time frame as to when such compliance will occur.  Obviously, the defense will need such summaries a reasonable period of time before the commencement of the trial.  The establishment of this time frame is best left to the trial

judge assigned to the case and most undoubtedly will be addressed at the pretrial conference held by the trial judge.

The defendant's request to "have an opportunity to retain [his] own expert and test samples that were tested by [the government's expert]" is GRANTED.

The defendant's request to reserve his right to seek a Daubert Hearing before the trial judge assigned to this case is GRANTED.

The government's request for reciprocal discovery pursuant to Rule 16(b)(1) is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

DATED:   Buffalo, New York
         August 14, 2006